UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. |
| | : | |
| v. | : | (JUDGE ) |
| | : | |
| HETRAN, INC. | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

**Violation(s), Penalties, and Dismissal of Other Counts**

1.    <u>Waiver of Indictment/Plea of Guilty</u>.  The defendant agrees

to waive indictment by a grand jury and plead guilty to a felony

Information which will be filed against the defendant by the United

States Attorney for the Middle District of Pennsylvania.  That

Information will charge the defendant with a violation of Title 50,

United States Code, Sections 1702, 1705 and Title 31 C.F.R., Sections

560.203 and 560.204, conspiracy to smuggle goods from the United

States to Iran.  The maximum penalty for that offense is a fine of up to

$1 million, a maximum term of supervised release of 5 years, to be

determined by the court, the costs of prosecution, and an assessment in

the amount of $100.00.  At the time the guilty plea is entered, the

defendant shall admit to the court that the defendant is, in fact, guilty

of the offense(s) charged in the Information.  The defendant agrees that

the United States may, at its sole election, reinstate any dismissed

counts or seek additional charges in the event that the charge(s) to

which the defendant has pleaded guilty pursuant to this Agreement are

subsequently vacated, set aside, or invalidated by the district court or

an appellate court.  The defendant further agrees to waive any defenses

to reinstatement of these charges or additional charges based upon

laches, the assertion of speedy trial rights, any applicable statute of

limitations, or any other ground.  The calculation of time under the

Speedy Trial Act for when trial must commence is tolled as of the date

of the defendant's signing of this Plea Agreement.

   2.   No Further Prosecution, Except Tax Charges.  The United

States Attorney's Office for the Middle District of Pennsylvania agrees

that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.  Additionally, the defendant may be subject to administrative sanctions from the U.S. Department of Commerce.

## Fines and Assessments

3.   <u>Fine</u>.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4.   <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the

3

offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense. The defendant, however, is presently working with the Office of General Counsel for the U.S. Department of Commerce for the purpose of arriving at appropriate fines and penalties. Should an agreement be reached between the parties, the United States will affirmatively recommend to this Court at sentencing that no further fine be imposed upon the defendant.

     5.    <u>Special Assessment</u>. The defendant understands that the court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013. Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

6.    <u>Collection of Financial Obligations</u>.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office with this signed Agreement;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

5

(f) to submit any financial information requested by the Probation

Office as directed and to the sharing of financial information

between the Government and the Probation Office.

7.     <u>Acceptance of Responsibility–Three Levels</u>.  If the defendant

can adequately demonstrate recognition and affirmative acceptance of

responsibility to the Government as required by the Sentencing

Guidelines, the Government will recommend that the defendant receive

a three-level reduction in the defendant's offense level for acceptance of

responsibility. The failure of the court to find that the defendant is

entitled to a three-level reduction shall not be a basis to void this Plea

Agreement.

<u>Sentencing Recommendation</u>

8.     <u>Appropriate Sentence Recommendation</u>.  The defendant is

presently working with the Office of General Counsel for the U.S.

Department of Commerce for the purpose of arriving at appropriate

fines and penalties.  Should an agreement be reached between the

parties, the United States will affirmatively recommend to this Court at

sentencing that no further fine be imposed upon the defendant.  Should

no agreement be arrived at between the parties, at the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum fine allowable, together with the cost of prosecution.

     9.   <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

     (a)  The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

     (b) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

     (c) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

10.   <u>Joint Plea Agreement</u>.  The defendant agrees and understands that an express condition of this Plea Agreement is that co-defendant Helmut Oertmann waive indictment and plead guilty to an Information charging conspiracy to export controlled goods from the United States to Iran without authorization from the United States in violation of Title 18, United States Code, Section 554.  Failure of co-defendant Helmut Oertmann to plead guilty to that Information will be grounds for the United States to rescind this Plea Agreement and proceed to trial against the defendant on charges pending against the defendant.  In addition, the defendant agrees that the United States may, at its sole election, reinstate any dismissed counts in the event that the charges to which the defendant Hetran has pleaded guilty are subsequently vacated or set aside by the district court or any appellate court.  The defendant Hetran further agrees to waive any defenses to the reinstatement of those charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other grounds in the event that the co-defendant successfully vacates or sets aside any conviction imposed upon the information.

## Cooperation by the Defendant

11.   Full Cooperation.  The defendant agrees to cooperate fully with the United States.  The defendant understands and agrees that complete and truthful cooperation is a material condition of this Agreement.  Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this Agreement.  Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and for its officers, employees and associates to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant.  This may include its officers, employees and associates submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter.  The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the

9

United States.  The United States agrees that any statements made by

its officers, employees and associates during the cooperation phase of

this Agreement shall not be used against the defendant in any

subsequent prosecutions unless and until there is a determination by

the court that the defendant has breached this Agreement.  Moreover,

the parties agree that, although the defendant's officers, employees and

associates statements made during the cooperation phase cannot be

used against the defendant in any subsequent criminal prosecution, this

provision shall not preclude the United States from requiring the

defendant Hetran's officers, employees and associates to submit to

interviews by local, state or federal agencies which may use these

statements in civil or administrative proceedings involving the

defendant.  The defendant waives and agrees to waive any rights under

the Speedy Trial Act, and understands and agrees that sentencing may

be delayed until the cooperation phase has been completed so that at

sentencing the court will have the benefit of all relevant information.

    12.  <u>Substantial Assistance</u>.  The defendant has agreed to

cooperate with the United States.  If, upon completion of the

cooperation, the United States believes the defendant has provided

"substantial assistance" pursuant to Title 18, United States Code,

Section 3553(e) or Section 5K1.1 of the United States Sentencing

Guidelines and has fully complied with the terms of this Agreement, the

United States may request the court to depart below any applicable any

guideline range when fixing a sentence for the defendant.  As previously

stated, the defendant, however, is presently working with the Office of

General Counsel for the U.S. Department of Commerce for the purpose

of arriving at appropriate fines and penalties.  Should an agreement be

reached between the parties, the United States will affirmatively

recommend to this Court at sentencing that no further fine be imposed

upon the defendant.

However, the defendant acknowledges that the United States will

decline to exercise its discretion and recommend a departure if the

defendant breaches any of the provisions of this Agreement, or commits

any other offense or violates any condition of pre-trial release while

awaiting plea or sentencing, or if the defendant's plea involved a guilty

plea to an offense which reduces the defendant's maximum possible

11

sentence below the imprisonment range otherwise called for by the
Sentencing Guidelines in this case.

13.   Further Prosecution for Perjury, False Statements.  Nothing
in this Agreement shall protect the defendant in any way from
prosecution for any offense committed after the date of this Agreement,
including perjury, false declaration, or false statement, in violation of
Title 18, United States Code, Sections 1621, 1623, or 1001, or
obstruction of justice, in violation of Title 18, United States Code,
Sections 1503, 1505, or 1510, should the defendant, its officers,
employees and associates commit any of those offenses during the
cooperation phase of this Agreement.  Should the defendant be charged
with any offense alleged to have occurred after the date of this
Agreement, the information and documents disclosed to the United
States during the course of the cooperation could be used against the
defendant in any such prosecution.

## Information Provided to Court and Probation Office

14.   Background Information for Probation Office.  The
defendant also understands that the United States will provide to the

12

United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15.   <u>Objections to Pre-Sentence Report.</u>  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a

13

pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

16.   Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

14

## Court Not Bound by Plea Agreement

17.   <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for a fine of up to $1 million, a maximum term of supervised release of up to 5 years, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

18.   <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## Breach of Plea Agreement by Defendant

19.   <u>Breach of Agreement</u>.  In the event that either party believes the defendant that the other has failed to fulfill any obligations under

15

this Agreement, then it shall have the option of petitioning the court to be relieved of its obligations.  Whether or not either party has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

20.   <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a)  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)    The United States will be free to make any recommendations to the court regarding sentencing in this case;

16

(c)     Any evidence or statements made by the defendant's officers, employees and associates during the cooperation phase will be admissible at any trials or sentencings;

(d)     The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

21.     <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense

17

while awaiting plea or sentencing, the Government shall be free at its

sole election to either:  (a) withdraw from this Agreement; or (b) make

any sentencing recommendations to the court that it deems appropriate.

The defendant further understands and agrees that, if the court finds

that the defendant has committed any other offense while awaiting plea

or sentencing, the defendant will not be permitted to withdraw any

guilty pleas tendered pursuant to this Plea Agreement, and the

government will be permitted to bring any additional charges which it

may have against the defendant.

**Transfer of Information to IRS**

22.   <u>Transfer of Case to IRS</u>.  The defendant agrees to interpose

no objection to the United States transferring evidence or providing

information concerning the defendant and/or this offense, to other state

and federal agencies or other organizations, including, but not limited

to the Internal Revenue Service, law enforcement agencies and

licensing and regulatory agencies.

23.   <u>Collection Action by IRS</u>.  Nothing in this Agreement shall

limit the Internal Revenue Service in its collection of any taxes, interest

or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

24.   <u>Rule 6(e) Order for Transfer of Information to IRS</u>.   The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

25.   <u>Cooperation with IRS</u>.   The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file al future returns which may come due during the term of incarceration, probation or supervised release.   The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any

sentence imposed pursuant to this guilty plea.  The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States.  The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

**Licensing, Resignation, and Disbarment**

26.    <u>Status of Professional License</u>.  It is further understood and agreed that the status of any professional license held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority.  The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

27.    <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly

20

waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of United States v. Booker, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

**Other Provisions**

28.    <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

29.    <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty

21

plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

30.   <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

31.   <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

32. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., April 16, 2014, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

34. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

04/17/14
Date

Helmut Oestmann CEO
HETRAN, INC.
Defendant

23

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

4/17/14
Date

TERESA TAYLOR, Esquire
Counsel for Defendant
HETRAN, INC.


PETER J. SMITH
UNITED STATES ATTORNEY

4/17/14
Date

By: _____
GORDON A.D. ZUBROD
ASSISTANT U.S. ATTORNEY


GADZ/gadz USAO # 2012R00296
PREPARED  April 10, 2014
VERSION DATE:  JANUARY 15, 2014

24